

ATTORNEY FOR APPELLANT

Douglas M. Grimes
Douglas M. Grimes, PC
Gary, Indiana

ATTORNEYS FOR APPELLEES

For Eva Willis and Charles Reagins
Mark A. Bates
Schererville, Indiana

For Peoples Bank, SB
Benjamin T. Ballou
Bonnie C. Coleman
Hodges & Davis, P.C.
Merrillville, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

In the Matter of the
Guardianship of N.R.,

N.R.,

*Appellant-Protected Person*,

v.

Eva Willis and Charles Reagins,
Peoples Bank, SB,

*Appellees-Petitioners.*

May 8, 2015

Court of Appeals Case No.
45A05-1303-GU-150

Appeal from the Lake Superior Court

The Honorable Calvin Hawkins,
Judge

Cause No. 45D02-1206-GU-27

**Robb, Judge.**

[1]    Eva Willis and Charles Reagins, the former temporary guardians of N.R.
(collectively, "Former Guardians"), petition for rehearing of this court's

opinion in *In re Guardianship of N.R.*, 26 N.E.2d 97 (Ind. Ct. App. 2015). In that opinion, we held that the trial court abused its discretion in excluding evidence relevant to the determination of whether it was reasonable to award fees and costs from the guardianship estate on behalf of the Former Guardians. *Id.* at 104. We grant rehearing to address the Former Guardians' claims, but reaffirm our opinion in all respects.

[2] We are not persuaded by the Former Guardians' arguments for rehearing any more than we were persuaded by their original arguments for affirming the trial court. On appeal, they asserted that there had never been a finding they had engaged in misconduct and therefore there was no basis for denying them fees and costs—pointing out that in fact, the trial court had earlier stated that all the parties had acted in good faith. *See* Brief of the Appellee at 6, 12-14. We held that was part of the problem: the trial court did not hear any evidence on the misconduct N.R. alleged the Former Guardians committed in order to adequately make such a finding. *In re N.R.*, 26 N.E.3d at 103-04. On rehearing, the Former Guardians claim that this court "erred in assuming facts based upon an unsworn and unverified petition executed by an attorney while a properly entered order of guardianship went unchallenged in the trial court[.]" Appellant's Petition for Rehearing at 2.

[3] The Former Guardians allege the facts regarding misconduct were not properly before the trial court because the petition was unverified in violation of a local

rule.  That may be true,[1] but that is not the reason the trial court refused to hear evidence on those facts.  And the fact that the trial court refused to hear that evidence is the very reason we were forced to rely on the allegations of the petition in adjudicating N.R.'s appeal.  We did not find that such facts were true and binding on the trial court, only that N.R. was entitled to the *opportunity* to prove such facts.

[4]     Further in contending that the order of temporary guardianship was "properly entered," Former Guardians fail to recognize that regardless of the factual allegations of misconduct by Former Guardians, we also held there were several procedural irregularities that required consideration in determining whether the Former Guardians acted reasonably.  These irregularities included insufficient allegations in the petition for guardianship and lack of notice and a hearing before the order was entered.  *In re N.R.*, 26 N.E.3d at 102-03.  There were myriad reasons for finding the trial court abused its discretion in this case.

[5]     Finally, Former Guardians again assert that N.R. did not timely challenge the temporary guardianship order and argue that because he ultimately consented to a guardianship, he waived his right to contest the awarding of attorney fees to Former Guardians.  The timeliness issue has already been decided against Former Guardians by our supreme court, *see id.* at 100 n.3, and we further note that given the procedural posture of this case and the trial court's rulings, N.R.

---

[1] Although Former Guardians challenged the inclusion of these facts on appeal as outside the record, *see* Br. of the Appellee at 8, it does not appear they challenged them on this specific basis.

raised the issue at his first opportunity and to the best of his ability. And as to the ultimate result, we noted in the opinion that it is not the result of the litigation but the necessity for the litigation that is determinative of the right to compensation from the guardianship estate. *Id.* at 100. N.R. may have needed a guardian due to his age. But he may *not* have needed Former Guardians to incur over $15,000 in fees to procure one, given that he had already appointed an attorney-in-fact of his choice.

[6] Having duly considered the arguments Former Guardians have advanced in their petition for rehearing, we reaffirm our original opinion that the trial court abused its discretion in awarding fees and costs out of the guardianship estate without fully considering the evidence relevant to the award.

[7] The trial court's judgment is reversed and the cause remanded for further proceedings consistent with this court's opinions.

Baker, J., and Kirsch, J., concur.